**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**HARTFORD DIVISION**

| | |
|---|---|
| In re | Chapter 11 |
| SARAH'S COFFEE HOUSE, INC., | Case No. 18-21636 (JJT) |
| Debtor. | |

**UNITED STATES TRUSTEE'S MOTION FOR AN ORDER EITHER DISMISSING OR CONVERTING THE DEBTOR'S CHAPTER 11 CASE FOR FAILURE TO PROVIDE PROOF OF APPROPRIATE INSURANCE COVERAGES & FAILURE TO COMPLETE, FILE AND/OR PRODUCE REQUIRED BANKRUPTCY FORMA AND DOCUMENTS**

William K. Harrington, the United States Trustee for Region 2 (the "United States Trustee"), in furtherance of his duties and responsibilities set forth in 28 U.S.C. § 586(a)(3) and (5), hereby moves for an order dismissing the chapter 11 case of Sarah's Coffee House, Inc. ("Debtor") pursuant to 11 U.S.C. § 1112(b).  In support thereof, the United States Trustee represents and alleges that the Debtor has failed to provide proof that it maintains appropriate casualty, liability and such other appropriate insurance coverages in amounts adequate to both protect the bankruptcy estate and the general public.  Further, the United States Trustee alleges that the Debtor has failed to appropriately complete and file required documents and official forms including, but not limited to: its List of 20 Largest Unsecured Creditors or file a creditor matrix even after being reminded to do so by either the Bankruptcy Court Clerk and/or the United States Trustee which has resulted in an undo delay in informing creditors of its bankruptcy and allowing the United States Trustee to begin solicitation and formation of an Official Committee of Unsecured Creditors.  Further, although Debtor designated itself as a "small business debtor," Debtor failed to file the documents required to be filed pursuant to 11 U.S.C. § 1116(1)(A) and (B) within the time allowed by the

1

Bankruptcy Code. In support of his motion, the United States Trustee, through his undersigned counsel, states the following:

## FACTS

1. The Debtor filed its voluntary Chapter 11 petition, schedules and statement of financial affairs on October 2, 2018. *See* ECF 1. Debtor operates a restaurant facility at 257 Asylum Street in Hartford, Connecticut, and admits to being a small business debtor within the meaning of the Bankruptcy Code. *Id.* Attorney Antonio Del Mastro ("Attorney Del Mastro") assisted the Debtor in the preparation of its bankruptcy petition and filed it on behalf of the Debtor. *Id.* at page 4. No application to retain Attorney Del Mastro has yet been filed.

2. The United States Trustee has been unable to progress in the solicitation and appointment of an Official Committee of Unsecured Creditors due to the failure of the Debtor to file a List of 20 Largest Unsecured Creditors with full information conforming to Official Form 204.

3. Debtor failed to "append to the voluntary petition or file within 7 days after the date of the order for relief: (A) its most recent balance sheet, statement of operations, cash-flow statement and Federal income tax return or (B) a statement made under penalty of perjury that no balance sheet, statement of operations, or cash-flow statement has been prepared and no Federal tax return has been filed." 11 U.S.C. § 1116(1)(A) and (B).

4. Debtor's bankruptcy schedules disclose that the Debtor has no real property assets and has personal property assets with a total value of $29,553.12 including only $9,553.12 in tangible assets and a chose in action it believes has a $20,000.00 value which it has in a dispute with its landlord which has issued a Notice to Quit against the Debtor in August of 2018 and has commenced proceeding to evict the Debtor in the Connecticut Housing Court. *See Hotel Royal, LLC v. Sarah's Coffee House, Inc.*, CV-18-6010052-S.

5. Debtor failed to complete Schedules E/F so the United States Trustee in unaware of the identity of creditors, the character of the debt, or the amounts owed to creditors. *See* ECF # 1, page 15.

6. On the morning of October 3, 2018, the United States Trustee contacted Attorney Del Mastro by email concerning the Debtor's bankruptcy case and the need to provide proof of insurance coverages, the Court's upcoming initial status conference, Attorney Del Mastro's current and pre-petition employment by the Debtor in the Connecticut Housing Court, his anticipated employment application, possible cash collateral issues, Debtor's failure to file a creditor matrix, Debtor's failure to file a conforming List of 20 Largest Unsecured Creditors, and the necessity of scheduling an Initial Debtor Interview with the assigned United States Trustee Bankruptcy Analyst. Deadlines were given Attorney Del Mastro to perform certain tasks and take remedial action in order to avoid a Motion to Dismiss or Convert Debtor's Chapter 11 case filed by the United States Trustee.

7. As it is the United States Trustee's duty to attempt to form an Official Committee of Unsecured Creditors without delay and the Bankruptcy Court Clerk's duty to immediately inform creditors of Debtor's bankruptcy, in the United States Trustee's October 3, 2018 email to Attorney Del Mastro, the United States Trustee imposed a deadline to file a conforming creditor matrix and a conforming List of 20 Largest Unsecured Creditors of 4:00 pm on October 3, 2018. In addition, Attorney Del Mastro was given a deadline of Tuesday, October 9, 2018 to provide certain of Debtor's financial documents to the United States Trustee in anticipation of the Initial Debtor Interview. To date, Attorney Del Mastro has failed to file an amended and appropriate List of 20 Largest Unsecured Creditors, failed to file a conforming creditor matrix, failed to file one or more documents pursuant to Section 1116's requirements, and failed to provide any of the financial documents required by the United States Trustee for the Initial Debtor Interview.

8. Debtor's Insurance proofs: The United States Trustee requested that Debtor provide proof of insurance coverages which proof was no older than two weeks prior to the filing date of October 3, 2018. This "timely" proof is necessitated because often Chapter 11 Debtor will fail to make installment payments on insurance policies, and insurance coverage will lapse although a debtor can produce an insurance policy which may give dates which would seem to support it still being in force. Attorney Del Mastro did present a "Workers' Compensation and Employers' Liability Business Insurance Policy" from the Hartford Insurance Company; however, that policy was dated March 29, 2018. Therefore, the United States Trustee has no evidence that the insurance coverages of that policy are still in force. No casualty, product liability, business continuation or medical expense coverage is mentioned in the Debtor's Hartford Insurance Company policy.[1]

9. Besides the issue of whether the Debtor's insurance coverages are still in place, the United States Trustee believes that the policy limits are woefully inadequate to protect the Debtor's bankruptcy estate as there is no coverage for casualty or business interruption and are equally inadequate to protect the public who might frequent the Debtor's establishment which has an allowed occupancy of 40 persons at tables and 80 persons standing as per the certificate of occupancy supplied to the United States Trustee by Attorney Del Mastro.

10. To illustrate the Debtor's lack of appropriate insurance coverages, the United States Trustee calls to the Court's attention the recent and still active Chapter 11 case of *Ortega's Mexican Restaurant, Inc.* (Case No. 18-20306) ("*Ortega*"). In the *Ortega* case, that debtor also operates a small restaurant business with not dissimilar occupancy limits. In its own case, *Ortega* provided proof of liability insurance with $1,000,000.00 per occurrence with a $2,000,000.00 policy limits,

---

[1] The Hartford policy names "Sarahs Coffee House Inc" as the insured. The term stated is March 30, 2018 to March 30, 2019. The annual premium is $990.00. The coverage limits are: Bodily Injury by Accident - $100,000.00 (each accident); Bodily Injury by Disease - $100,000.00 (policy limit); and Bodily Injury by Disease - $100,000.00 (per employee). No casualty coverage, product liability coverage or medical expense insurance coverage is mentioned in the Debtor's Hartford Insurance Co. policy.

4

personal property casualty coverage of $250,000.00, product liability coverage of $1,000,000.00, and medical expense coverage of $5,000.00 per claim.  *See* Case No. 18-20306, ECF # 18.

11. Each Chapter 11 debtor must maintain property insurance coverage which is adequate to protect the assets of the bankruptcy estate and protect the public in general against loss. Failure to provide for such insurance coverage is cause for dismissal or conversion pursuant to 11 U.S.C. §1112(b)(4)(C).  Failure to timely provide information and documents reasonably requested by the United States Trustee is cause for dismissal or conversion pursuant to 11 U.S.C. §1112(b)(4)(H).  Failure to satisfy timely any filing or reporting requirement established by the Bankruptcy Code, Bankruptcy Rules or Local Bankruptcy Rules is cause for dismissal or conversion pursuant to 11 U.S.C. §1112(b)(4)(F).

## **ARGUMENT**

Section 1112(b) governs conversion and dismissal of chapter 11 cases and states in relevant part as follows:

> (1) Except as provided in paragraph (2) and subsection (c), on request of a party in interest, and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate.
>
> (2) The court may not convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter if the court finds and specifically identifies unusual circumstances establishing that converting or dismissing the case is not in the best interests of creditors and the estate, and the debtor or any other party in interest establishes that --
>
> > (A) there is a reasonable likelihood that a plan will be confirmed within the timeframes established in sections 1121(e) and 1129(e) of this title . . .; and
> >
> > (B) the grounds for converting or dismissing the case include an act or omission of the debtor other than under paragraph (4)(A)--

>> (i) for which there exists a reasonable justification for the act or omission; and
>>
>> (ii) that will be cured within a reasonable period of time fixed by the court.
>
> . . .
>
> (4) For purposes of this subsection, the term 'cause' includes--
>
> . . .
>
>> (C) failure to maintain appropriate insurance that poses a risk to the estate or to the public;
>>
>> (F) unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter;
>>
>> (H) failure timely to provide information or attend meetings reasonably requested by the United States trustee.
>
> . . .

11 U.S.C. § 1112(b).

Thus, with limited exceptions, Section 1112(b) mandates that the Court dismiss or convert a Chapter 11 case where any of the acts or omissions identified as "cause" in Section 1112(b)(4) exist. *In re Van Eck*, 425 B.R. 54, 58-59 (Bankr. D. Conn., Weil, J.); *In re Emergystat of Sulligent, Inc.*, 2008 WL 597613, *5-6 (Bankr. E.D. Tenn. 2008); *In re Gateway Access Solutions, Inc.,* 374 B.R. 556, 560 (Bankr. M. D. Pa. 2007); *In re TCR of Denver, LLC*, 338 B.R. 494, 498 (Bankr. D. Colo. 2006). The mandatory language of Section 1112(b) is a substantial departure from the former law, which left dismissal or conversion entirely in the Court's discretion. *In re Emergystat of Sulligent, Inc.*, 2008 WL 597613, *5-6; *In re Gateway Access Solutions, Inc.*, 374 B.R. at 560 ("Congress has purposefully limited the role of this Court in deciding issues of conversion or dismissal, such that this Court has no choice, and no discretion, in that it 'shall' dismiss or convert a case under Chapter 11 if the elements for 'cause' are shown. . . .").

The word "includes" in Section 1112(b)(4) is not limiting. 11 U.S.C. § 102(3) (in construing the Bankruptcy Code, the terms "includes" and "including" are not limiting); *In re*

*AdBrite Corp.*, 290 B.R. 209, 216 (Bankr. S.D.N.Y. 2003) (citations omitted).   Indeed, the list of actions or omissions under Section 1112(b) is "illustrative, not exhaustive." *In re AdBrite Corp.*, 290 B.R. at 217. Therefore, in finding cause under Section 1112(b), the court may consider other grounds for dismissal or conversion other than those listed specifically and may rely on its equitable powers to reach an appropriate result. *Id.* (citing *C–TC 9th Ave. P'ship. v. Norton Co. (In re C–TC 9th Ave. P'ship.)*, 113 F.3d 1304, 1311 (2d Cir.1997)).

Under Section 1112(b)(2), a debtor can avoid dismissal or conversion where the debtor shows that there is "reasonable justification" for the deficiencies in the case, those deficiencies "will be cured within a reasonable period of time," and there is a reasonable likelihood that the debtor will confirm a plan. 11 U.S.C. § 1112(b)(2); *In re Van Eck*, 425 B.R. at 58-59; *In re Emergystat of Sulligent, Inc.*, 2008 WL 597613, *5-6; *In re Gateway Access Solutions, Inc.*, 374 B.R. at 561.

### THE ABSENCE OF ADEQUATE INSURANCE IS *CAUSE* TO DISMISS THE DEBTOR'S CASE UNDER SECTION 1112(b)(4)(C).

According to 11 U.S.C. § 1112(b)(4)(C), a chapter 11 case should be dismissed or converted if a debtor's failure "to maintain appropriate insurance" poses a risk to the estate or to the public. Where a debtor owns real property with structures, Section 1112(b)(4)(C) requires that the debtor maintain property and liability insurance to protect the estate.   *See e.g., In re Van Eck*, 425 B.R. at 61 (failure to maintain property and liability insurance on debtor's residence constitutes cause for dismissal)*; In re GEL, LLC,* 495 B.R. 240, 245 (Bankr. E.D.N.Y. 2012) (lack of insurance on real estate with commercial building cause for dismissal or conversion); *Gilroy v. Ameriquest Mortgage Co., et al (In re Gilroy)*, 2008 WL 4531982 (1st Cir. BAP 2008) (failure to maintain property and liability insurance for five condominiums constitutes cause for dismissal).

7

Debtor has failed to provide proof that it has appropriate and adequate liability insurance for its business and property which would protect its bankruptcy estate and the general public which frequents its business. What has been provided is a "Workers' compensation and Employer' Liability Business Insurance Policy" and not a current "Certificate of Insurance" which has been recently obtained from its insurance broker. A more than six month old policy document is not proof that the necessary insurance coverages are in place. The United States Trustee cannot state that Debtor's claimed coverage is in place and operative. Further, Debtor has provided no proof that it even has casualty, product liability, or medical expense coverage which, as demonstrated by the Ortega case, are acceptable standards for small to moderate restaurant businesses.

Here, the Debtor's personal property, even though of modest value, is necessary for the continuation of Debtor's business but is not apparently uninsured against casualty loss. In addition, the Debtor's patrons are and remain at considerable risk as only $100,000.00 of coverage is provided per "accident" which the United States Trustee must conclude means "per incident" such as a fire on the premises. With total allowed occupancy between 40 and 80 patrons, $100,000.00 is simply inadequate protection for the public which frequents the Debtor's restaurant.

The United States Trustee suggests that the $1,000,000.00/$2,000,000.00 liability coverage illustrated by the Ortega case is the proper level of liability coverage, and that adequate insurance coverage would also include casualty, product liability and medical expense coverages in the same range as exist in the *Ortega* case. The Debtor's failure to demonstrate adequate insurance indicates the Debtor's willingness to impose the risk of an uninsured or underinsured event on its bankruptcy estate. Dismissal or Conversion to a case under Chapter 7 is appropriate under Section 1112(b)(4)(C) because the Debtor has failed to demonstrate appropriate insurance coverage protecting the bankruptcy estate and the public and is also appropriate for Debtor's failure to provide

[ 8 ]

information and documents to the United States Trustee and complete and file required documents with the Bankruptcy Court on a timely basis pursuant to 11 U.S.C. §1112(b)(4)(F) and (H).

WHEREFORE, the United States Trustee requests that the Court enter an either converting or dismissing Debtor's Chapter 11 case and granting such other relief as may be just and appropriate.

Dated: October 10, 2018　　　　　　　　　　Respectfully submitted,
　New Haven, CT　　　　　　　　　　WILLIAM K. HARRINGTON
　　　　　　　　　　　　　　　　　　UNITED STATES TRUSTEE FOR REGION 2
　　　　　　　　　　　　　By:　/s/ Steven E. Mackey
　　　　　　　　　　　　　　　　Steven E. Mackey/ct09932
　　　　　　　　　　　　　　　Trial Attorney
　　　　　　　　　　　　　　　Giaimo Federal Building
　　　　　　　　　　　　　　　　150 Court Street, Room 302
　　　　　　　　　　　　　　　New Haven, CT 06510
　　　　　　　　　　　　　　　Tel. No. (203) 773-2210