# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF CONNECTICUT
# HARTFORD DIVISION

| | | | | |
|---|---|---|---|---|
| IN RE: | : | CHAPTER | 11 | |
| | : | | | |
| SARAH'S COFFEE HOUSE, INC., | : | CASE NO. | 18-21636 (JJT) | |
| | : | | | |
| DEBTOR. | : | RE: ECF NO. | 12 | |

## ORDER DISMISSING CHAPTER 11 DEBTOR'S CASE

Pending before the Court is the United States Trustee's Motion for an Order Dismissing the Chapter 11 Case ("Motion," ECF No. 12) pursuant to 11 U.S.C. § 1112(b). The Court held a combined hearing on the Motion and a Case Management Conference (ECF No. 6) on October 18, 2018, where Sarah's Coffee House, Inc. ("Debtor") objected to the Motion on the record and proceeded to delineate its business profile for the Court. After notice and hearing, the Court finds it is in the best interests of the creditors and the Chapter 11 bankruptcy estate to dismiss the Chapter 11 case for cause elaborated herein.

The Debtor is a relative newcomer to downtown Hartford. Its welcomed coffeehouse has suffered the misfortune of loss of management, accretion of over $100,000.00 in debt, accrual of unpaid sales taxes, closure of its bar, expiration of its liquor license, and litigation with its landlord. Several months of rent are also unpaid. The Debtor's Chapter 11 filing on October 2, 2018 (ECF No. 1) was precipitated by an imminent eviction trial,[1] where the outcome could end the business. That trial has been stayed. Despite a claimed $20,000.00 grievance with its landlord, the Debtor did not file a defense to the eviction.

---

[1] The case is *Hotel Royal, LLC v. Sarah's Coffee House, Inc.*, Superior Court, Judicial District of Hartford, Docket No. CV-18-6010052-S.

The Debtor claims merely $9,553.12 in tangible assets and $200.00 in its bank account. The Motion's main argument for dismissal is the lack of adequate and current insurance coverage protecting the Chapter 11 bankruptcy estate and the general public.[2] The Debtor is fundamentally not positioned to continue or reorganize with its profile. It has no financial support to draw upon, has not addressed management problems, and has no ostensible way to pay its legal counsel, accountants, or to fund a Chapter 11 plan. Having the opportunity at the Court hearing to rebut these mounting concerns, the Debtor was unable to provide any practical or realistic solutions. Taken together, these issues provide sufficient cause for the Court to dismiss the case under 11 U.S.C. § 1112(b). The owner's passion and commitment to the business notwithstanding, its foreseeable course is administrative insolvency and a profoundly unproductive stay in Chapter 11.

Its lease is critical to its future. Settlement or adjudication of that issue cannot be avoided. Remarkably, its other creditors have not yet knocked at the Debtor's door. However, without meaningful assets, a lease, resources to cure or litigate that eviction contest, or a tenable and realistic alternative, this case does not serve a bona fide bankruptcy purpose.

Accordingly, based on the record of the Motion and the Case Management Conference, the Motion is GRANTED, and this case is DISMISSED with a bar against the Debtor to refiling as a Chapter 11 case unless the lease is cured or reinstated, or a new lease is secured, management is hired, and the filing is supported by sufficient capital to fund administrative operations and a Chapter 11 plan.

IT IS SO ORDERED at Hartford, Connecticut on this 23rd day of October 2018.

*James J. Tancredi*
United States Bankruptcy Judge
District of Connecticut

---

[2] At the hearing, the Debtor belatedly provided the United States Trustee with proof of a recently financed (without Court approval) insurance policy. While the policy may satisfy the United States Trustee's demands, it is entirely unclear to the Court how the Debtor will maintain the insurance coverage and make policy payments with only $200.00 in the bank.